J-S24013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROMMELL DOMINGUEZ-CRUZ, | : | |
| | : | |
| Appellant | : | No. 1478 MDA 2015 |

Appeal from the Order entered August 5, 2015
in the Court of Common Pleas of Berks County,
Criminal Division, No(s):  CP-06-CR-0002122-2007

BEFORE:  GANTMAN, P.J., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 29, 2016**

Rommell Dominguez-Cruz ("Dominguez-Cruz") appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

In September 2009, Dominguez-Cruz pled guilty to two counts of corrupt organizations, and one count each of criminal conspiracy to possess with intent to deliver a controlled substance and possession with intent to deliver a controlled substance.[2]  The trial court sentenced Dominguez-Cruz

---

[1]  Although Dominguez-Cruz characterizes his Petition as one seeking "*Habeas Corpus* Relief Under … the Pennsylvania Constitution," the PCRA court properly construed his filing as a PCRA Petition because the underlying claims are encompassed by the PCRA.  **See** 42 Pa.C.S.A. § 9542 (stating that the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies … including *habeas corpus*….").

[2] 18 Pa.C.S.A. §§ 911, 903; 35 P.S. § 780-113(a)(30).

to 7 years, 10½ months to 16 years in prison. Dominguez-Cruz did not file a direct appeal.

In November 2014, Dominguez-Cruz, *pro se*, filed his first PCRA Petition. The PCRA court appointed Dominguez-Cruz PCRA counsel, who subsequently filed a no-merit letter and a Petition for Permission to Withdraw as Counsel pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted the Petition for Permission to Withdraw, and issued a Pa.R.Crim.P. 907 Notice of Intent to Dismiss. Dominguez-Cruz filed a response, and the PCRA court thereafter dismissed the PCRA Petition. Dominguez-Cruz did not file an appeal.

In July 2015, Dominguez-Cruz, *pro se*, filed the instant PCRA Petition. After issuing a Rule 907 Notice, the PCRA court dismissed the Petition as untimely filed. Dominguez-Cruz filed a timely Notice of Appeal and a court-ordered Pennsylvania Rule of Appellate Procedure 1925(b) Concise Statement.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final[.]" **See** 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). Here, Dominguez-Cruz's judgment of sentence became final in October 2009, when the time for seeking direct review expired. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Pa.R.A.P. 903(a). Thus, Dominguez-Cruz had until October 2010 to file a Petition for relief under the PCRA. Because Dominguez-Cruz did not file the instant PCRA Petition until July 2015, his Petition is facially untimely.

However, we may consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id.** § 9545(b)(2); **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010).

Here, Dominguez-Cruz attempts to invoke the newly recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii) by arguing that the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), should be applied retroactively, and therefore affords him relief. Brief for Appellant at 7-17.

Initially, Dominguez-Cruz did not file the instant PCRA Petition within sixty days of the date the **Alleyne** decision was filed, as required under the

PCRA. **See** 42 Pa.C.S.A. § 9545(b)(2). Moreover, this Court has held that the **Alleyne** decision is not a sufficient basis to invoke the exception at Section 9545(b)(1)(iii), as the decision does not apply retroactively. **See Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that "[e]ven assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence has become final. This is fatal to [a]ppellant's argument regarding the PCRA time-bar."); **see also Commonwealth v. Riggle**, 119 A.3d 1058, 1067 (Pa. Super. 2015). Thus, the PCRA court did not err in dismissing Dominguez-Cruz's Petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/29/2016

- 4 -